**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL PAPPAS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 4:25-1865-JMB |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| JUSTANSWER LLC, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND ACTION**

Plaintiff Michael Pappas hereby moves the Court to remand this case to the Circuit Court of St. Louis County, Missouri.

As grounds for the Motion, Plaintiff respectfully states as follows:

## I.    INTRODUCTION AND BACKGROUND

On October 23, 2025, Plaintiff Michael Pappas ("Plaintiff") filed this action in the Circuit Court of St. Louis County, Missouri against Defendant JustAnswer LLC ("JustAnswer"). Plaintiff asserts consumer protection claims on behalf of a class of Missouri citizens who were deceptively enrolled into JustAnswer's automatically renewing subscription program after paying what they reasonably believed to be a one-time fee to have a question answered by an "expert."

Plaintiff alleges that JustAnswer markets its services as a single-use, low-cost solution to obtain answers to specific questions, while failing to clearly and conspicuously disclose that consumers who submit payment information are simultaneously enrolled into a recurring monthly membership—typically costing approximately $46.00 per month—that automatically renews unless affirmatively canceled. Plaintiff further alleges that JustAnswer obscures the negative-option nature of this program through misleading website design, inconspicuous disclosures, and confusing payment interfaces, and makes cancellation difficult once consumers discover the

1

recurring charges.

Plaintiff's Complaint seeks injunctive relief, restitution, actual damages, and attorneys' fees and costs arising from JustAnswer's deceptive and unlawful conduct, including violations of the California Unfair Competition Law ("UCL"), California's Business & Professions Code § 17200, *et seq.*, and related common-law and equitable theories.

On December 22, 2025, Defendant filed a Notice of Removal removing this action to this Court. Defendant contends that federal jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiff disputes that Defendant's removal is proper on the basis that the $5 million amount in controversy required under CAFA has not been established or is, at the very least, indeterminate at this juncture.

As the removing party, Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. And where, as here, Plaintiff contests federal jurisdiction and the allegations in the Notice of Removal, Defendant must submit proof substantiating the removal. Defendant fails to meet its burden here by asserting, without any evidentiary support whatsoever, that the requisite $5 million amount in controversy has been met. Plainly, Defendant's conclusory and vague jurisdictional contentions are unfounded and unsupported.  At best, Defendant attempts to reach the $5 million threshold by assuming— without factual support—that at least 5,000 Missouri users paid the same amounts as Plaintiff, based solely on Plaintiff's allegation that he paid "more than $1,000" and that his claims are "typical" of the class. *See* Notice of Removal ¶ 21 & n.1 (multiplying Plaintiff's alleged $1,000 in damages by an assumed 5,000 Missouri users to reach $5,000,000). Defendant does not allege that the 5,000-user figure is derived from business records, transaction data, or any Missouri-specific evidence, nor does it allege facts showing that all class members incurred uniform charges. *Id.*

For the reasons set forth below, Defendant's failure to meet its burden requires that the Court remand this action. Alternatively, the Court should permit the parties to conduct limited jurisdictional discovery to determine the amount of the wrongful fees and charges, and related

revenues collected by Defendant from Missouri consumers during the proposed class period, in order to assess whether federal jurisdiction under CAFA is proper.

## II.   <u>LEGAL STANDARD</u>

Removal is proper if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). CAFA vests a federal district court with original jurisdiction over a civil action if three criteria are met: (1) the amount in controversy must exceed $5 million, as aggregated from the claims of the individual class members, 28 U.S.C. §§ 1332(d)(2), (6); (2) the suit must be brought as a "class action" for a proposed class with at least one-hundred members, *id.* §§ 1332(d)(2), (5); and (3) "any member of [the] class [must be] a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A); *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81 (2014).

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Dotson v. Syas*, 2024 U.S. Dist. LEXIS 13390, *5 (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). The removing party bears the burden of establishing federal jurisdiction under CAFA by a preponderance of the evidence. *Dart,* 574 U.S. at 89 (citing 28 U.S.C. § 1446(a) and 1446(c)(2)); *Westerfeld v. Ind. Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010). Where, as here, the non-moving party contests the amount in controversy allegations, the party seeking removal must submit evidence establishing the jurisdictional threshold is met. *Waters v. Ferrara Candy Co.,* 873 F.3d 633, 636 (8th Cir. 2017).[1] Defendant "may introduce affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard." *McNamee v. Knudsen & Sons, Inc.,* No. 4:15-CV-572 (CEJ), 2016 WL 827942, *3 (E.D. Mo. Mar. 3, 2016) (citing *Faltermeier v. FCA US LLC,* No. 4:15-cv-00491-DGK, 2016 WL 552398 (W.D. Mo. May 26, 2016)). "However, the amount in controversy is not established by a preponderance of the

---

[1] Defendant argues that no evidence is required, citing *Dart* and *LeFlar v. Target Corp.*, 57 F. 4th 600, 603 (8th Cir. 2016), but that is true only when the defendant's factual allegations in the Notice of Removal are uncontested by the plaintiff; *Waters* and other cases make clear that, when the plaintiff contests the defendant's allegations, the defendant must come forward with evidence and satisfy its evidentiary burden.

evidence if a court must resort 'to conjecture, speculation, or star gazing.'" *Waters,* 873 F.3d at 636 (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010)).

Finally, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir. 2010) (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).)

## III.    THIS CASE SHOULD BE REMANDED TO STATE COURT

Defendant's vague allegations that more than $5 million is at stake fall short of establishing federal jurisdiction by a preponderance of the evidence. Although uniquely in control of its own sales data, Defendant fails to provide even a single fact to prove that the amount in controversy is satisfied. On this basis, remand is warranted.

First, Defendant's bald contention that Plaintiff's damages – purportedly arising from recovery of automatically renewed monthly subscription charges imposed on Missouri consumers – exceed $5 million is entirely devoid of any factual support. JustAnswer does not identify the number of Missouri class members, the length of time any putative class member remained subscribed, the amounts actually charged to Missouri consumers, or any non-speculative methodology by which such figures could be aggregated to satisfy CAFA's jurisdictional threshold. Defendant must do more than rely on generic assumptions and conjecture regarding potential damages to establish federal jurisdiction. *See Autoport LLC v. Volkswagen Group of America, Inc.,* No. 2:15-cv-04260-NKL, 2016 WL 123431, *4 (W.D. Mo. Jan. 11, 2016). Without providing any actual figures, affidavits, sales data, or competent evidence showing the amount of subscription revenue collected from Missouri consumers during the proposed class period, Defendant cannot meet its burden. Indeed, courts have repeatedly rejected removal where defendants failed to establish the amount in controversy even after submitting far more evidence than JustAnswer has offered here (which is nothing at all). *See e.g., Waters,* 873 F.3d at 636 (affirming remand because the defendant failed to establish by a preponderance of the evidence that the amount in controversy exceeded $5 million even after submitting two affidavits disclosing the estimated cost of injunctive relief and sales data); *Slocum v. Gerber Prods. Co.,* 2016 U.S.

4

Dist. LEXIS 96479, *8-9 (W.D. Mo. July 25, 2016) (in an Missouri Merchandising Practices Action, holding "[the Defendant] has presented no evidence or argument to explain how the benefit of the bargain rule could plausibly result in compensatory damages of anywhere near $5 million"). Further, Defendant cannot rely upon *Raskas v. Johnson & Johnson,* 719 F.3d 884, 888 (8th Cir. 2013), because unlike JustAnswer here, the *Raskas* defendants submitted several affidavits detailing their sales figures of their respective medications during the operative time period alleged in the complaint to satisfy the preponderance of the evidence requirement. Here, by contrast, JustAnswer offers no Missouri-specific sales figures, no affidavits, no subscription data, and no competent evidence of the amounts actually charged to Missouri citizens. Instead, Defendant improperly extrapolates from Plaintiff's individual allegations and invites the Court to assume— without proof—that thousands[2] of Missouri consumers were uniformly enrolled in long-term subscriptions at identical rates. *Raskas* does not permit removal based on such stacked assumptions; it demonstrates that removal is proper only where a defendant supports its jurisdictional allegations with actual evidence, which JustAnswer has wholly failed to do. In the absence of such proof, Defendant's amount-in-controversy allegations amount to pure speculation, and remand is required.

Furthermore, Defendant fails to put forward any evidence showing that Plaintiff's attorneys' fees and costs would place the amount in controversy in excess of $5 million. Although JustAnswer speculates that attorneys' fees may be substantial, it offers no case-specific facts and no explanation as to why this action would warrant an extraordinary fee award. It is not enough that an award of attorneys' fees is merely "legally possible" under the Missouri Merchandising Practices Act; if that were sufficient, every MMPA class action would automatically satisfy CAFA's jurisdictional threshold, regardless of its scope or complexity. *Slocum v. Gerber Prods. Co.*, 2016 U.S. Dist. LEXIS 96479, *19.  Rather, an "intensive inquiry" based on the specific facts

---

[2] Plaintiff merely alleged that "While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff believes the proposed Class number in the hundreds or thousands, if not more." Petition ¶88.

of this case is required. *Id.; see also McNamee,* 2016 WL 827942, at *4 (stating that even where Defendant cited to a "comparable MMPA case," it failed to present any evidence that this case would present the same degree of complexity to justify an award of attorneys' fees sufficient to meet the jurisdictional amount); *Slocum v. Gerber Prods. Co.,* 2016 U.S. Dist. LEXIS 96479, *19-20 ("Gerber has not presented any argument based on the specific facts of this case to explain why, under Missouri's seven factor analysis, attorneys' fees are likely to exceed… such that the total amount in controversy with compensatory damages would exceed $5 million").

Rather, determining whether and how much attorneys' fees may be included in the amount-in-controversy calculation requires an intensive, case-specific inquiry grounded in the actual facts of the litigation. *Id.; see also McNamee v. Knudsen & Sons, Inc.*, 2016 WL 827942, at *4 (E.D. Mo. Mar. 3, 2016) (rejecting removal where defendant cited a "comparable" MMPA case but failed to present evidence showing that the instant case would involve similar complexity or justify a comparable fee award). Here, JustAnswer makes no effort whatsoever to explain why the attorneys' fees in this case—challenging an online subscription enrollment practice affecting Missouri consumers—would approach the magnitude necessary to bridge the jurisdictional gap. Such unsupported speculation cannot satisfy Defendant's burden under CAFA.

Next, Defendant's contention that prospective injunctive relief independently elevates the amount in controversy above CAFA's jurisdictional threshold is likewise unsupported and speculative. Although JustAnswer asserts that an injunction would impose substantial costs or foreclose future subscription revenue, it offers no evidence quantifying the nature or magnitude of any compliance costs, operational changes, or lost revenue that would result from the injunctive relief sought in this case. Such conclusory assertions are insufficient to satisfy Defendant's burden. *Waters,* 873 F.3d at 636 (finding defendant's contentions that failed to include specific details about the nuances of what the injunctive relief would require the company to expend to be inadequate in meeting the preponderance of the evidence standard).

Nor does *Lizama v. Victoria's Secret Stores, LLC*, 36 F.4th 762 (8th Cir. 2022), support removal here. In *Lizama*, the defendant presented a record-supported basis to infer that putative

6

class members were likely to be future purchasers, allowing a non-speculative estimate of the injunction's value. *Id*. at 765–66. By contrast, JustAnswer presents no evidence that Missouri consumers—who allege they were deceived into unwanted subscriptions—would continue purchasing its services absent injunctive relief, or that preventing deceptive enrollment practices would produce any measurable financial loss. Defendant's attempt to equate an injunction with foregone "future subscription revenue" rests on unsupported assumptions, not evidence. Because JustAnswer has failed to quantify the value of injunctive relief beyond speculation, it cannot rely on that relief to establish federal jurisdiction under CAFA.

**IV.     IN THE ALTERNATIVE, THE COURT SHOULD PERMIT THE PARTIES TO CONDUCT JURISDICTIONAL DISCOVERY REGARDING THE AMOUNT IN CONTROVERSY**

This Court has discretion to permit the parties to engage in limited post-removal jurisdictional discovery to establish whether Plaintiff's claims satisfy the requisite amount in controversy under CAFA. The Supreme Court and the Eighth Circuit have both recognized that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13 (1978); *Pudlowski v. The St. Louis Rams, LLC,* 829 F.3d 963, 964 (8th Cir. 2016). Several others circuits are in accord. *See e.g., Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (noting it is "clearly appropriate for the district courts, in their discretion" to allow post-removal jurisdictional discovery to determine the amount in controversy); *Dancel v. Groupon, Inc.,* 940 F.3d 381 (7th Cir. 2019) (permitting jurisdictional discovery to allow defendant to demonstrate minimal diversity under CAFA); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* 485 F.3d 804 (5th Cir. 2007) (same).

At the very minimum, jurisdictional discovery is necessary in order to ascertain the wrongful fees, charges, and related revenues collected by JustAnswer from Missouri consumers during the proposed class period, and will likely produce a more accurate calculation of the amount actually in controversy. This is particularly true where, as here, JustAnswer is the party in possession of the relevant data. *See Slocum v. Gerber Prods. Co.*, 2016 WL 3983873, at *2 (W.D.

Mo. July 25, 2016) (noting that the defendant "is the party more likely to be in possession of the data indicating exactly how much [damages are at issue] during the relevant time period").

Plaintiff's proposed limited jurisdictional discovery would consist of targeted written interrogatories and requests for production seeking information regarding the number of Missouri citizens enrolled in automatically renewing subscriptions, the duration of those subscriptions, and the amounts charged or collected by JustAnswer during the class period, plus at least one deposition related to that written discovery. Therefore, in the event the Court denies Plaintiff's Motion for Remand, Plaintiff requests that the Court allow the Parties to conduct limited jurisdictional discovery for purposes of obtaining evidence on the amount in controversy.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order remanding this case to the Circuit Court of St. Louis County, Missouri, or alternatively, permitting the parties to conduct limited jurisdictional discovery to determine whether federal jurisdiction is proper.

Dated: January 21, 2026                                 Respectfully submitted,

                                              /s/      Tiffany Marko Yiatras
                                         Tiffany Marko Yiatras, 58197MO
                                         **CONSUMER PROTECTION LEGAL, LLC**
                                         308 Hutchinson Road
                                         Ellisville, Missouri 63011-2029
                                         Tele: 314-541-0317
                                         Email: tiffany@consumerprotectionlegal.com

                                         **ATTORNEYS FOR PLAINTIFF
                                         AND THE PROPOSED CLASS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed with the Court's electronic filing system, on January 21, 2026, which will send notice to the attorneys of record for all parties.

                                              /s/  Tiffany Marko Yiatras

8